PEARSON, 0. J.
The statement of the case made by his Honor is very short. ' It sets out the testimony of one witness only, and we take it from the words “the witness for -the State testified,” &c., that he was the only witness and that his testimony was all of the evidence in the case. So the evidence is this, the witness arrested L. G. Lewis-, who is a son of the defendant. In a conversation with the witness the defendant told him his son, L. G. Lewis, belonged to Capt. Galloway’s company in the army, had been at his house two or three weeks and the defendant believed his son was absent from the army without leave.
We have no doubt that if the fact that L. G. Lewis was a soldier of the. army of the Confederate 'States of America and the fact of his being a deserter, had been established by competent'proof', then the above admissions of the defendant would have been'admissible in evidence, as tending to fix the defendant, with the scienter, that is, with a knowledge of the fact that L. G. Lewis was a deserter. But we are clearly of opinion that the admissions do not amount to evidence to be left to the jury from which they were at liberty to infer that L. G-. Lewis was a soldier of the army of the Confederate States, or that he was a deserter, “L, G. Lewis belonged to Capt. Galloway’s company!” Who is Capt. Galloway? What army? The army of the Confederate ‘ States, or of the State of North Carolina? In the language of Judge Gaston, “the jury must not be left to guess at-the facts.” “ He believed his *309 son was absent from the army without leave ! ” “ Desertion ” is one thing, “ absence without leave ” is another. Every deserter is absent without leave;' but every soldier who is absent without leave is not a deserter.1 These terms have a distinct meaning : a deserter is a soldier who quits the army without leave and in violation of his duty, and wrongfully stays away. So he is. in the Wrong from the beginning. One who is permitted to leave the army as by a furlough and who afterwards stays away, either by' reason'of sickness or some accident or by design, is said to be “absent without leave.” The two. offences are considered and treated as entirely different.
"What we mean to decide is this: when the fact of desertion is proved then an admission that the defendant believed the party was absent without leave, is evidence from which the jury,may infer that the defendant knew that the man was a deserter; but when the main fact, to wit: that the party is a soldier and that he is a deserter is not proved by other evidence, then such an admission is no evidence that the man is a deserter, or. that the defendant knew him to be a deserter, because the words do not in their ordinary and appropriate sense mean it, and there is nothing to give them a different signification.
What kind of evidence is necessary in' order to prove the fact that a man is a soldier or is , a deserter, is a question which it is not necessary for the purposes of this decision to determine. ■ ’ ■ ■
Whether, by a proper construction of the statute, the “aiding, assisting, harboring and maintaining” must be done secretly and fraudulently, with intent to enable the deserter to conceal himself and keep out of the way, (which is the construction given to the words “ harbor and maintain ” in the statute concerning runaway slaves, Dark vs. Marsh, 2 Car. Law, Rep. vs. 249), was mooted at the bar, *310 "but tbe question, is not presented by tbe case and we intimate no opinion in regard to it.
This being tbe first indictment that has come up on a new statute, it may be proper to call the attention of tbe Solicitors to the question, whether the indictment should not contain an averment that the man “'is a soldier” as well as the averment that he is a deserter.
Let this decision be certified to the Superior Court of law icr Rochingham County to the end that the Court may proceed further according to law.